# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CINDY KOONS,<br><br>   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. C 12-3076-MWB<br><br>ORDER CONVERTING PETITIONER'S RESISTANCE TO MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT AND SETTING SUPPLEMENTAL BRIEFING SCHEDULE |

_____

This case is before me on the respondent's January 1, 2013, Motion To Dismiss (docket no. 8), in which the respondent seeks dismissal of the petitioner's October 9, 2012, *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) as untimely, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The petitioner filed a Resistance (docket no. 10), on February 15, 2013, conceding that her § 2255 Motion was not filed within one year of the date of the judgment of conviction, but asserting that the statute of limitations on her § 2255 Motion should be equitably tolled, owing to the conduct of her trial attorney, which prevented her from timely filing her § 2255 Motion. The petitioner attached several exhibits to her Resistance consisting of correspondence with her trial attorney and orders of the Iowa Supreme Court regarding the suspension of her trial attorney from practice during the period when the statute of limitations to file her § 2255 Motion was running. The respondent filed a Reply (docket no. 13) disputing the applicability of equitable tolling under the circumstances presented here.

On a motion to dismiss pursuant to Rule 12(b)(6), the court ordinarily cannot consider matters outside of the pleadings, unless the court converts the Rule 12(b)(6)

motion into a motion for summary judgment pursuant to Rule 56. *See* FED. R. CIV. P. 12(d); *see also Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (explaining that, on a Rule 12(b)(6) motion, courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint'" (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003))).[1] Although I might be able to take judicial notice of the orders of the Iowa Supreme Court that the petitioner has attached to her Resistance, *see Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 931 n.3 (8th Cir. 2012), I do not believe that there is any basis for considering the correspondence from the petitioner's attorney on a Rule 12(b)(6) motion to dismiss. Moreover, the Eighth Circuit Court of Appeals has recognized that whether or not a prisoner who has shown the necessary "extraordinary circumstances" has also been sufficiently "diligent" to warrant equitable tolling is a "fact-intensive question." *Burns v. Prudden*, 588 F.3d 1148, 1152 (8th Cir. 2009). Thus, the issue of whether or not the petitioner is entitled to equitable tolling is a matter better considered on the basis of a more complete record after the parties have been given a reasonable opportunity to present all the material that is pertinent to that issue. *Cf.* FED. R. CIV. P. 12(d).

In this case, the petitioner concedes that, in the absence of equitable tolling, her § 2255 Motion is untimely, so that she is the party who injected the issue of equitable tolling, and the additional materials outside of the pleadings, into the case. I conclude that the appropriate course, in these circumstances, is to reserve ruling on the respondent's

---

[1] Nevertheless, on a motion to dismiss, the court may also consider "'materials that are part of the public record or do not contradict the complaint,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)), and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Id*. at 931 n.3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

Motion To Dismiss and to convert the petitioner's Resistance into a motion for summary judgment on the question of equitable tolling, rather than to convert the respondent's Motion To Dismiss pursuant to Rule 12(d). I must then give both parties the opportunity to supplement the record concerning the equitable tolling issue. *Cf.* FED. R. CIV. P. 12(d).

THEREFORE,

1. Ruling is **reserved** on the respondent's January 1, 2013, Motion To Dismiss (docket no. 8) until the determination of the question of equitable tolling pursuant to the procedures set out in paragraph 2.

2. The petitioner's February 15, 2013, Resistance To Motion To Dismiss (docket no. 10) is **converted** into a motion for summary judgment pursuant to Rules 12(d) and 56 of the Federal Rules of Civil Procedure, as follows:

    a. The petitioner shall have **to and including July 30, 2013,** within which to file a Supplement in support of her converted motion for summary judgment;

    b. The respondent shall have **to and including August 20, 2013,** within which to file a response to the petitioner's converted motion for summary judgment; and

    c. The petitioner shall have **to and including August 27, 2013,** within which to file a reply in further support of her converted motion for summary judgment.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA